UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HILARIA QUINONES,

               Plaintiff,

-against-

DPA LANDLORDS MAYBE LLC, INC.; WALLACE CORPS. MAYBE LLC, INC.; THE NEW PARKOFF MAYBE LLC., INC; 2134-2138 WALLACE CORPS; 2132-2138 PRESIDENTIAL ASSETS LLC,

               Defendants.

25-CV-5306 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

This action was originally filed in the United States District for the Eastern District of New York, which transferred it here.[1] By order dated June 30, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] *Quinones v. DPA Landlords,* No. 25-CV-2665 (E.D.N.Y. June 25, 2025).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

## BACKGROUND

The following facts are drawn from the complaint invoking the Court's federal question jurisdiction.[2] Plaintiff asserts that Defendants have engaged in "all and any of many, of sorts of forms of ways of violated illegal constitutional, privacy, identity and personal physical, body, brain, data info, all dangerously breached also safety breached." (*Id.*) She seeks a

> real safety and safer protection plan by possibly shutting down all surroundings, upper and lower basement to my private legal funded residence being illegally invaded by all sorts of illegal entrys, to ensure my protection from all non-local to local, non-federal, non-government in illegal stolen undercover and non-stolen cover of undercover, clones government involved with biased, conflict of interest

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

as with ties to organized gang mafia by race under payroll all sorts of criminal activity.

(*Id.* at 6.)

## DISCUSSION

Even when the Court construes Plaintiff's pleadings with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court finds that the allegations do not plausibly allege a violation of Plaintiff's rights. The Court must not dismiss a complaint simply because the facts alleged appear to be "unlikely," *Denton*, 504 U.S. at 33, but a finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible, "whether or not there are judicially noticeable facts available to contradict them." *Id.* at 32-33; *see Livingston*, 141 F.3d at 437. "Plaintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022).

The Court finds that, because Plaintiff does not provide any plausible factual support for her claims that Defendants "dangerously breached" her privacy or safety, her claims rise to the level of the irrational and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that defendants had violated his privacy in "order to collect his personal data and harass him").

## LEAVE TO AMEND, LITIGATION HISTORY, AND WARNING

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

Moreover, the exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A *pro se* litigant who has previously brought a similar case may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

Plaintiff has filed five other *pro se* complaints, four of which were also dismissed as frivolous. *See Quinones v. Biolife Plasma Servs. Inc.,* No. 25-CV-3855 (LLS) (S.D.N.Y. June 27, 2025)(dismissing complaint for failure to state a claim and as frivolous); *Quinones v. Lydig Shopping Ctr.*, No. 25-CV-3850 (LTS) (S.D.N.Y. June 25, 2025) (same); *Quinones v. City of New York*, No. 24-CV-9758 (LLS) (S.D.N.Y. June 25, 2025) (dismissing complaint as frivolous); *Quinones v. City of New York*, No. 24-CV-09758 (LLS) (S.D.N.Y. May 12, 2025) (same). *See also Quinones v. Barbato*, No. 25-CV-04325 (LTS) (S.D.N.Y. filed May 22, 2025) (pending).

Plaintiff is warned that if she persists in filing complaints that are frivolous or fail to state a claim, the Court may order her to show cause why she should not be barred from filing any new complaints IFP without prior permission.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff is warned that if she persists in filing complaints that are frivolous or fail to state a claim, the Court may order her to show cause why she should not be barred from filing any new complaints IFP without prior permission.

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: July 8, 2025
       New York, New York

                                                    *Louis L. Stanton*
                                                    Louis L. Stanton
                                                         U.S.D.J.